## Case No. 4,492.

### ENNIS v. HOLMEAD.

[5 Cranch, C. C. 509.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

THE COURT affirmed the judgment, which was for $40, "with interest from date;" meaning, probably, the date of the judgment, namely, April 14th, 1838, and costs, one dollar and ten cents.

CRANCH, Chief Judge, dissented. The question is whether a justice of the peace has jurisdiction in suits against executors and administrators where the debt and damages do not exceed the sum of fifty dollars, exclusive of costs. It seems to me very clear that justices of the peace had no jurisdiction in causes against executors and administrators under the Maryland act of 1791 (chapter 68).

1st. Because they were not liable to arrest; and the only process given by that statute to bring the defendant before a justice of the peace, was a warrant of arrest in the nature of a capias ad respondendum.

2d. Because an executor or administrator is not a debtor. He is always charged in the

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

detinet only, not in the debet; and the act gives jurisdiction only to a justice of the county "wherein the debtor doth reside;" and he is "to hear and determine the matter in controversy between the creditor and debtor," "and if need be, charge the constable with the body of the debtor in execution."

3d. Because the justice of the peace has no authority to ascertain the amount of assets, and the debts due to other persons, so as to render judgment only for the plaintiff's proportion of the assets, according to the Maryland act of 1798 (chapter 101); nor to appoint an auditor to ascertain the sum for which judgment shall be given; nor to give judgment for such further sum as the court should thereafter assess on discovery of further assets.

This point was decided by this court in the case of Ritchie v. Stone [Case No. 11,864], in October, 1821. This construction was also given by the courts of Maryland, and it was found necessary to pass a statute, after 1801, to give the necessary powers to justices of the peace, to enable them to exercise jurisdiction in such cases. But it is said that the act of congress of the 1st of March, 1823, authorizes the justice of the peace "to try, hear, and determine the matter in controversy between the creditor and debtor, their executors and administrators," and that as the jurisdiction is given, all the means necessary for the exercise of that jurisdiction, must be given also. But the question arises, whether the words, "creditor and debtor, their executors and administrators," give the justice of the peace jurisdiction of cases against executors and administrators. There can be no objection to the justice's jurisdiction in cases where executors or administrators are plaintiffs, and such jurisdiction would be sufficient to give effect to the words, "their executors and administrators," in that clause of the statute. It seems to me evident that the legislature of Maryland, by the act of 1791 (chapter 68), intended to give jurisdiction to a single magistrate, only in the simple case of contract; and did not trust him with cases of tort or trespass, sounding in damages, or in cases against executors and administrators, where the plea of plene administravit might be pleaded, and the administration account examined and settled; involving questions of property to a vast amount, and questions of law of great importance. The Maryland act of 1798, c. 101, subc. 8 (sections 6-9), provides. that no executor or administrator "shall be compelled to put in special bail;" nor "to plead plene administravit, or any thing relative to the assets;" "and when the debt or damages which the deceased (if he or she were alive,) ought to pay, shall be ascertained by verdict, or confession, or otherwise, the court, before whom the action was brought, shall there-

upon assess the sum which the executor or administrator ought to pay, regard being had to the amount of assets in his hands, and the debts due to other persons;" or, the court may "refer the matter to an auditor, to ascertain the sum for which judgment shall be given; and in case the judgment shall be for a sum inferior to the real debt, or damages and costs, it shall go on and say that the plaintiff shall be entitled to such further sum as the court shall hereafter assess on discovery of further assets in the hands of the defendant; and the court at any time afterwards, when applied to by the plaintiff, on three days' notice to the defendant, or his attorney, may assess and give judgment for such further proportionable sum as the plaintiff shall appear entitled to, regard being had, as aforesaid, to the amount of the debt and other claims."

From the purview of these provisions, it is evident that they are applicable only to courts of general jurisdiction; courts having power to appoint an auditor, and to compel the settlement of an administration account. No such power is given, by the Maryland act of 1791 (chapter 68), nor by the act of congress of the 1st of March, 1823 (3 Stat. 743), to a justice of the peace. The jurisdiction of this court (the circuit court) is general, with the exception only of cases within the jurisdiction of a justice of the peace. If the justice has not jurisdiction of cases against executors and administrators, this court has; so that there will be no failure of remedy.

Although the act of congress of March 1, 1823 (3 Stat. 743), authorizes a justice of the peace to try, hear, and determine the matter in controversy "between the creditor and debtor, their executors and administrators," yet it is to be "in the same manner. and under the same rules and regulations, to all intents and purposes, as such justices of the peace are now authorized and empowered to do, when the debt or damages do not exceed the sum of $20, exclusive of costs." The object of this act was to extend the jurisdiction of the justices of the peace from $20 to $50, and to exercise that extended jurisdiction "in the same manner, and under the same rules and regulations, to all intents and purposes," as they were then authorized to do, when the debt or damages did not exceed $20. It does not alter the nature or character of the causes submitted to their jurisdiction, but only the value of the matter in controversy. For these reasons, I think the justices of the peace have not jurisdiction of causes against executors or administrators.